UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRIS BELLINGHAM,**

    **Plaintiff,**

                                    **CASE NO.:**

**v.**

**ORLANDO PUBLIC WORKS
DEPARTMENT CITY OF ORLANDO,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHRIS BELLINGHAM, by and through undersigned counsel, brings this action against Defendant, ORLANDO PUBLIC WORKS DEPARTMENT CITY OF ORLANDO, and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. and 42 U.S.C. § 12101 *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff is a resident of Volusia County, Florida, and he worked in Orange County, Florida for Defendant.

5. Defendant operates a public works department in Orlando, in Orange County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

7. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTS

11. Plaintiff began working for Defendant as a Neighborhood Outreach Coordinator on or around January 9, 2023, until his employment with Defendant was terminated on or around January 26, 2023.

12. Plaintiff is a qualified individual with a disability as defined by the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act of 1992 ("FCRA").

13. Specifically, Plaintiff suffered from musculoskeletal issues (degenerative discs), Post-Traumatic Stress Disorder, sleep apnea, Attention Deficit Hyperactivity Disorder, tinnitus, and a degree of hearing loss.

14. Upon being hired by Defendant on January 9, 2023, Plaintiff disclosed his disabilities to Defendant.

15. On or around January 11, 2023, just two days after starting employment, Plaintiff verbally requested reasonable accommodations from his supervisor, Lucy.

16. Specifically, Plaintiff requested a hybrid schedule as a reasonable accommodation for his disabilities.

17. Notably, other employees were permitted to work a hybrid schedule.

18. However, Lucy denied Plaintiff's request for a hybrid schedule, claiming that Plaintiff did not qualify for a hybrid schedule, as he was still on probation.

19. Plaintiff objected to Defendant's denial of a reasonable accommodation.

20. Lucy further requested a letter from Plaintiff's doctor.

21. Plaintiff further pursued the reasonable accommodation by submitting a formal request in writing to both Lucy and Defendant's Human Resources Department on or around January 25, 2023.

22. However, Defendant still failed to provide Plaintiff with a reasonable accommodation.

23. In fact, before Plaintiff was able to provide the requested medical documentation to support his accommodation request, Defendant terminated Plaintiff's employment on or around January 26, 2023, based on his disability and in retaliation for engaging in protected activity, in violation of the ADA and FCRA.

## COUNT I – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

24. Plaintiff realleges and readopts the allegations of paragraphs 6 through 23 of this Complaint, as though fully set forth herein.

25. Plaintiff is a member of a protected class under the ADA.

26. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

27. Specifically, Defendant failed to provide Plaintiff with a reasonable accommodation and subsequently terminated Plaintiff based on his disability.

28. Defendant's actions were willful and done with malice.

29. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issue and that this Court take jurisdiction over the case;
- c) That this Court enter an injunction restraining continued violation of the ADA;
- d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;
- e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;
- f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;
- g) Any other compensatory damages, including emotional distress, allowable at law;
- h) Punitive damages;
- i) Prejudgment interest on all monetary recovery obtained.
- j) All costs and attorney's fees incurred in prosecuting these claims; and
- k) For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

30. Plaintiff realleges and readopts the allegations of paragraphs 6 through 22 of this Complaint, as though fully set forth herein.

31. Plaintiff is disabled, or was perceived by Defendant as being disabled.

32. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

33. Defendant's actions were willful and done with malice.

34. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

6

    f)    Compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained;

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

35. Plaintiff realleges and readopts the allegations of paragraphs 6 through 23 of this Complaint, as though fully set forth herein.

36. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

37. Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation.

38. Plaintiff engaged in protected activity under the ADA by objecting to Defendant's denial of Plaintiff's reasonable accommodation request.

39. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

40. Defendant's actions were willful and done with malice.

41. The adverse employment action that Defendant took against Plaintiff was material.

42. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

 a) A jury trial on all issues so triable;

 b) That process issue and that this Court take jurisdiction over the case;

 c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

 d) That this Court enter an injunction restraining continued violation of the ADA;

 e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

 f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

 g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

 h) Any other compensatory damages, including emotional distress, allowable at law;

 i) Punitive damages;

 j) Prejudgment interest on all monetary recovery obtained.

  k) All costs and attorney's fees incurred in prosecuting these claims; and

  l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (DISABILITY DISCRIMINATION)

43. Plaintiff realleges and readopts the allegations of paragraphs 6 through 23 of this Complaint, as though fully set forth herein.

44. Plaintiff is a member of a protected class under the FCRA, based on his handicap/disability, and/or perceived handicap/disability.

45. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

46. Defendant's actions were willful and done with malice.

47. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

  c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

  d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## **COUNT V—FCRA VIOLATION**
## **(DENIAL OF REASONABLE ACCOMMODATION)**

48. Plaintiff realleges and readopts the allegations of paragraphs 6 through 22 of this Complaint, as though fully set forth herein.

49. Plaintiff has a handicap or was perceived by Defendant as having a handicap.

50. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

51. Defendant's actions were willful and done with malice.

52. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

53. Plaintiff realleges and readopts the allegations paragraphs 6 through 23 of this Complaint, as though fully set forth herein.

54. Plaintiff is a member of a protected class under the FCRA.

55. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation.

56. Plaintiff engaged in protected activity under the ADA by objecting to Defendant's denial of Plaintiff's reasonable accommodation request.

57. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

58. Specifically, Defendant failed or refused to engage in an interactive discussion regarding accommodations, denied Plaintiff a reasonable accommodation and, subsequently, terminated Plaintiff's employment with Defendant.

59. Defendant's actions were willful and done with malice.

60. Defendant took material adverse action against Plaintiff.

61. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 5th day of February, 2024.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **HANNAH E. DEBELLA**
        Florida Bar Number: 1026002
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: hdebella@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Counsel for Plaintiff**